UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JENNIFER L. LAUGHLIN-DENECKE,

                Plaintiff,

                                              **DECISION AND ORDER**
        v.                                             07-CV-745A

ITT EDUCATIONAL SERVICES, INC.,

                Defendant.

---

      Pending before the Court is a bill of costs (Dkt. No. 61) that defendant filed on April 22, 2011. Plaintiff filed a complaint on November 6, 2007 alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e to 2000e-17; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101–12213; and New York's Human Rights Law, N.Y. Exec. Law §§ 290–301. On March 18, 2009, defendant filed an amended motion for summary judgment dismissing plaintiff's complaint. On March 24, 2011, the Court adopted a Report and Recommendation from Magistrate Judge H. Kenneth Schroeder, Jr. and granted defendant's motion. Defendant now seeks $3,504.52 for deposition costs, witness fees, and copy costs for attachments to papers in the case docket. Plaintiff does not dispute that a bill of costs is appropriate, but contends that certain proposed costs cannot be reimbursed and that the correct total is $2,233.20.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FRCP 54(d)(1); *see also* 28 U.S.C. § 1920 ("A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; [and] (5) Docket fees under section 1923 of this title."). Plaintiff argues, without citation, that costs for deposition postage and reporter service after 5:00 p.m. are not recoverable. Plaintiff is correct that postage unrelated to the cost of service does not belong in a bill of costs. *See Byrne v. Telesector Res. Grp., Inc.*, No. 04-CV-0076S, 2010 WL 4340824, at *2 (W.D.N.Y. Nov. 2, 2010) (Skretny, *C.J.*). The Court will strike $27.50 in proposed costs accordingly. In contrast, the $75.00 of proposed after-hours reporter costs are a subset of reporter costs permitted by statute, and plaintiff has not cited to the contrary. *Cf. SEIU v. Rosselli*, No. C 09-00404, 2010 WL 4502176, at *3 (N.D. Cal. Nov. 1, 2010) ("[Defendants] object to a list of items all found on court reporter invoices, among other charges: 'rough disk' fees, 'expedited' services charges, parking reimbursements, charges for court reporter 'waiting time,' *charges for court reporter 'before/after hours,'* delivery costs, appearance and travel fees, 'video digitizing to DVD[s],' and 'video

2

synchronizing.'  All of the costs named by defendants are fees charged by court reporters.  They are therefore compensable as reasonably necessary for trial.") (emphasis added) (citation omitted).  The Court will leave this item undisturbed.

Next, plaintiff objects, again without citation, to paying copying costs for exhibits attached to discovery responses.  "Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable."  *Blickley v. Ford*, No. 6:08–cv–1866–Orl–31GJK, 2011 WL 1376102, at *6 (M.D. Fla. Mar. 22, 2011) (internal quotation marks and citation omitted); *see also, e.g., Cornell v. Gubbles*, No. 05-1389, 2010 WL 3937597, at *5 (C.D. Ill. Sept. 29, 2010) ("Copying documents for production in discovery is necessary and recoverable.") (citation omitted).  Especially since plaintiff has not offered any contrary authority, the Court will leave these proposed costs undisturbed as permissible costs attributable to discovery.

## CONCLUSION

For all of the foregoing reasons, the Court approves defendant's bill of costs (Dkt. No. 61) in the amount of $3,477.02.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: May 9, 2011